In re Rogers

_____

IN THE MATTER OF: COLLINS ROGERS, RESPONDENT

No. 789DC1166

(Filed 5 February 1980)

1. **Appeal and Error § 36.1— proper service of proposed record on appeal—no authority by clerk to adjudicate—authority of appellate court**

A clerk of superior court had no authority to make an adjudication of proper service of the proposed record on appeal under Appellate Rule 11; rather, the opinion of the appellate court determines whether service of the proposed record was properly made within the required time, whether the record on appeal was properly settled, and whether the record was certified by the clerk within 10 days after settlement as required by Appellate Rule 4.

2. **Appeal and Error § 36; Insane Persons § 1— appeal from civil commitment order—service on special advocate**

The proposed record on appeal from a civil commitment order should have been served on the special advocate who represented the State at the commitment hearing pursuant to G.S. 122-58.7(b) (1977) rather than on the Attorney General. However, after the effective date of the 1979 amendment to that statute, the member of the staff of the Attorney General who represents the State at the commitment hearing should be served with the proposed record on appeal.

APPEAL by respondent from *Senter, Judge*. Order entered 31 August 1978 in the Mental Health Hearing Session, Ninth District, Granville County. Heard in the Court of Appeals 28 March 1979. Reheard 12 November 1979.

This Court filed an unpublished opinion in this cause on 1 May 1979 dismissing the appeal. The Petition for Rehearing of the respondent was denied originally but upon reconsideration was allowed by Order dated 26 October 1979.

It appears from the record on appeal that respondent was charged with rape (File No. 77-CR-5037). The mental capacity of the respondent to proceed to trial was questioned. Pursuant to Ch. 15A, Art. 56, after hearing and considering the report of Dr. Billy W. Royal, the District Court, by order dated 23 August 1978, found that respondent was unable to proceed to trial due to mental incapacity and respondent was transferred to a magistrate for civil commitment proceedings.

On 25 August 1978, according to the terms of N.C. Gen. Stat. § 122-58.4, respondent was examined by Dr. Lawrence Stucker, who found respondent to be mentally ill and imminently dangerous to himself or others; consequently, under the authority of N.C. Gen. Stat. § 122-58.18, respondent was placed in the custody of John Umstead Hospital for examination and treatment pending a hearing.

Pursuant to N.C. Gen. Stat. § 122-58.7 a hearing was held on 31 August 1978 in the District Court. Respondent was represented by special counsel. The State, or petitioner, presented as evidence two affidavits by Dr. Ganesh Kumer. These affidavits do not appear in the record on appeal, but they were summarized in the record as follows:

"He [Dr. Kumer] stated that on August 24, he had examined respondent with the following findings:

The patient has been here for 90 days. He has allegedly been involved in a rape incidence. And presently his behavior is under control with medication and the hospital environment. His behavior is unpredictable and he is potentially dangerous.

He said that respondent's tentative diagnosis was paranoid schizophrenia.

Dr. Kumar testified in a further affidavit dated August 31, that respondent had not exhibited 'his behavior' in his locked hospital ward, but that in view of his history of al-

leged rape, Dr. Kumar recommended commitment 'to John Umstead Hospital Maximum Security Unit for the maximum time permissible under the law.' "

The District Court entered its order, in pertinent part, as follows:

"The patient is mentally ill, suffering with a mental disorder, diagnosed as paranoid schizophrenia.

The patient is imminently dangerous to himself or others in that he exhibits violent tendencies and traits.

The patient is in need of further hospitalization and or treatment.

It is, therefore, ordered that the respondent be committed to John Umstead Hospital for a period of 90 days or until such time as he is discharged according to law."

The record on appeal does not disclose that the State as Petitioner was represented by counsel at the 31 August 1978 hearing in the District Court. However, it appears from the certificate of special counsel in the record that notice of appeal was served on "Sam B. Currin, III, Federal Building, Oxford, North Carolina, attorney for the State and petitioner herein."

*Attorney General Edmisten by Associate Attorney Christopher S. Crosby for the State.*

*Special Counsel for the Ninth Judicial District Susan Freya Olive for Respondent.*

CLARK, Judge.

This Court first heard the case without oral argument, under Appellate Rule 30(f), on 28 March 1979.

The printed record on appeal did not include any settlement of the proposed record on appeal as required by Appellate Rule 11. The record on appeal did not include the report of Dr. Billy W. Royal, referred to as Exhibit 1 in the District Court order of 23 August 1978 finding defendant incapable of proceeding to trial. N.C. Gen. Stat. § 15A-1003(c) provides that such affidavit is admissible in the civil commitment proceedings. Nor did the record

on appeal include the affidavit of Dr. Stucker made on 25 August 1978, or the two affidavits of Dr. Kumer which were offered by the State at the civil commitment hearing on 31 August 1978. Only a short summary of these three affidavits appeared in the record. Since the integrity of the record on appeal was questionable, this Court on 1 May 1979, filed an unpublished opinion, under Appellate Rule 30(e), dismissing the appeal for failure of the respondent to settle the record on appeal as required by Appellate Rule 11.

Respondent-defendant, by Special Counsel Susan Freya Olive, in apt time filed a Petition for Rehearing, in which it appeared that even though the printed record on appeal noted only that "transcript [was] certified by Clerk Superior Court December 13, 1978," the original record on appeal contained the certification of the transcript by a Deputy Clerk and the following: "[A]s served upon the appellee, and appellee has filed no exception or proposed alternative record on appeal within the time allowed."

We originally denied the Petition for Rehearing because it appeared that the added material in the Petition did not show a compliance with Appellate Rule 11. Thereafter, upon reconsideration, it appeared that the added material raised the question of whether the proposed record on appeal should have been served upon the Attorney General or upon the special advocate representing the State in the civil commitment hearing. We decided to answer this issue on rehearing even though an addendum to the record on appeal is not properly made in a petition for rehearing.

[1] We begin with the certification of the Clerk of Superior Court. The Clerk of the Superior Court had no authority to make such an adjudication of proper service of the record under Rule 11. Upon appeal, the opinion of this Court, not the Clerk of the Superior Court, determines whether service of the proposed record was properly made within the required time, whether the record on appeal was properly settled, and whether the record is certified by the Clerk of the Superior Court within 10 days after settlement as required by Appellate Rule 11.

Nor was the Clerk of Superior Court correct in its determination. Appellate Rule 26 plainly states that if the record on appeal is not settled by agreement of the parties, the record should affirmatively show service "upon a party or his attorney of record."

[2]  Counsel for respondent included in the Petition for Rehearing a copy of her Certificate of Service dated 2 November 1978 showing that she "served a copy of the above Proposed Record on Appeal on the Attorney General . . . ." It does not appear, however, that service of the proposed record on appeal was made on Sam B. Currin, III, who apparently had been appointed under N.C. Gen. Stat. § 122-58.7(b) (1977) to serve as special advocate to represent the State in the commitment hearing, who was by respondent's own statement "attorney for the State and petitioner herein," and who already had been served with notice of appeal.

We now turn to the question of whether the Attorney General or the special advocate should have been served with the proposed record. N.C. Gen. Stat. § 122-58.9 provides that the "Attorney General shall represent the petitioner on appeal." At the hearing, however, the petitioner [the State] was represented by Sam B. Currin, III, apparently the appointed special advocate. The special advocate was present at the hearing, had knowledge of the evidence offered, and was qualified to determine for the State if the proposed record on appeal was accurate. He alone was the "attorney of record" within the meaning of Appellate Rule 26, and the proposed record should have been served on Currin as special advocate rather than the Attorney General. The special advocate in a civil commitment proceeding occupies a position similar to the District Attorney in a criminal case. Both are attorneys of record who have the authority to settle the record on appeal. In contrast, the Attorney General represents the State in a criminal case and in a civil commitment proceeding only where the State is the petitioner on appeal (before the 1979 amendment hereafter stated), and his duties begin after the record on appeal has been settled and filed in this Court.

We note that the 1979 Session Laws, Ch. 915, sec. 12 (to be codified as N.C. Gen. Stat. § 122-58.24) provides that the Attorney General is authorized to appoint four attorneys to be assigned full time to the four regional psychiatric facilities to represent the State at commitment hearings. Sec. 13 rewrites N.C. Gen. Stat. § 122-58.7(b) to provide in pertinent part:

"(b) The attorney who is a member of the staff of the Attorney General assigned to one of the State's four regional

psychiatric facilities shall represent the State's interest at commitment hearings, rehearings, and supplemental hearings held at the hospital to which he is assigned under Articles 4 and 5A of Chapter 122 of the General Statutes of North Carolina. Each of these attorneys shall also provide the liaison and consultation services necessary for these matters."

Under the new statute the staff attorney of the Attorney General who represents the State at the commitment hearing is the opposing counsel of record within the meaning of Appellate Rule 26 and should be served with the proposed record on appeal as required by Appellate Rule 11 where the respondent appeals from an order of commitment. And if the State is not the petitioner in the involuntary commitment proceeding, the proposed record on appeal should be served on opposing counsel of record for the petitioner by the respondent appellant.

For failure to comply with the Rules of Appellate Procedure, the appeal is

Dismissed.

Chief Judge MORRIS and Judge ARNOLD concur.